FILED Rec'd
IN CLERK'S OFFICE 5/25/12
U.S. DISTRICT COURT E.D.N.Y. JUN

★ MAY 23 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHILIP MIMON WASSER,

               Plaintiff,

     - against -

SGT. BATTISTA,

               Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-2455 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On May 11, 2012, plaintiff Philip M. Wasser, appearing *pro se*, filed this action against

defendant Battista. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915 solely for the purpose of this Order and dismisses the complaint for the reason

set forth below.

## BACKGROUND

On July 8, 2008, plaintiff sued Sergeant Battista and the Fort Wadsworth Army Base

Park on Staten Island alleging that on April 9, 2008, defendant Battista illegally stopped his

vehicle and used excessive force. *Wasser v. Battista, et al.*, No. 08-CV-2839 (RJD)(LB). By

Memorandum and Order dated August 27, 2009, the Court granted defendants' motion for

summary judgment finding, *inter alia*, that defendant Battista was entitled to qualified immunity

on the excessive force claim and that probable cause existed for plaintiff's arrest. *Wasser v.*

*Battista*, No. 08-CV-2839 (RJD)(LB), 2009 WL 2753184 (E.D.N.Y. Aug. 27, 2009). On August

23, 2011, the United States Court of Appeals dismissed plaintiff's appeal finding that it lacked

"an arguable basis in law or fact." *Wasser v. Battista, et al.*, No. 11-947-cv (2d Cir. Aug. 23,

2011). On April 30, 2012, plaintiff filed a complaint based on the same claims as in the prior

case that was dismissed. *See Wasser v. Battista*, No. 12-CV-2120 (RRM), (Compl. (Doc. No. 1)

at 3 ("Now I am suing for $100 million my case number was 1:08-CV-02839-RJD-LB. Now I will reopen a new case against our government.").)

By Memorandum and Order dated May 4, 2012, the Court dismissed the April 30, 2012, complaint based on the doctrine of *res judicata*. On May 11, 2012, plaintiff filed a notice of appeal. On the same date, plaintiff filed the instant action wherein he again raises the same facts and the same claims as set forth in the cases filed under docket numbers 08-CV-2839 and 12-CV-2120 against defendant Battista.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

As set forth in the Court's May 4, 2012 Memorandum and Order, plaintiff may not relitigate his prior case. Here, plaintiff alleges that he was falsely arrested on April 9, 2008 and

that defendant Battista used excessive force. In the prior case filed under docket number 08-CV-2839, plaintiff's allegations arise from the same April 9, 2008 arrest for reckless driving on Staten Island where he claimed false arrest and excessive force by Sgt. Battista.

Under the doctrine of *res judicata*, or claim preclusion, "[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-91 (2d Cir. 2000) ("Plaintiffs' assertion of new incidents arising from the application of the challenged policy is also insufficient to bar the application of *res judicata*."). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. *Channer v. Department of Homeland Security*, 527 F.3d 275, 280 (2d Cir. 2008). The doctrine of *res judicata* mandates the *sua sponte* dismissal of the instant action. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); *see also Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998). Plaintiff, having lost in his prior case, seeks to litigate the same claims against defendant Battista that were raised in the first action filed in 2008 and most recently on April 30, 2012. *See* Docket Nos. 08-CV-2939 (RJD) and 12-CV-2120 (RRM). Plaintiff's attempt to again relitigate claims that were already decided by this Court or could have been raised in the previous action is barred by the doctrine of *res judicata*, therefore, the complaint is dismissed.

Furthermore, "[t]he district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)

(internal quotations and citations omitted); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a). As this is plaintiff's third complaint based on the same allegations, plaintiff is hereby warned that if he continues to file similar complaints, he may be barred from filing any new civil action against defendant Battista based on the April 9, 2008 arrest and related events.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed based on the doctrine of *res judicata.* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff *pro se* and indicate the mailing on the electronic docket.

SO ORDERED.

Dated: Brooklyn, New York
     May 23, 2012

/S/

_____

ROSLYNN R. MAUSKOPF
United States District Judge

4